IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BUTLER | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| BITCO USA INC., | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT:**

1.   This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Anthony Butler, a former employee of Defendant, Bitco USA, Inc., who has been harmed by Defendant's illegal discriminatory actions, resulting in the termination of his employment.

2.   This action arises under the Americans With Disabilities Act,("ADA"), 42 U.S.C. §12101, et seq., and the Pennsylvania Human Relations Act, ("PHRA"), 43 P.S. §951, et seq.

**II.   JURISDICTION AND VENUE:**

3.   The original jurisdiction of this Court is invoked and venue is in this district pursuant to 28 U.S.C. §1331 and §1391, and the claim is substantively based on the ADA.

    4.      The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the PHRA.

    5.      All conditions precedent to the institution of this suit have been fulfilled. On February 23, 2004, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

    6.      The Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.   PARTIES**:

    7.      Plaintiff, Anthony Butler ("Butler"), is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at 5039 Cottage Street, Philadelphia, Pennsylvania.

    8.      Defendant, Bitco USA, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at Luzerne and Old York Roads, Philadelphia, Pennsylvania.

    9.      At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of the Defendant.

**IV.  STATEMENT OF CLAIMS**:

    10.    Butler was employed by the Defendant from on or about July 1, 2002 until

July 17, 2002, the date of his untimely and unlawful termination.

11.     During the time of his employment with the Defendant, Butler held the position of Second Level Installer, and at all times maintained a satisfactory job performance rating in that capacity.

12.     Prior to commencing employment with the Defendant, Butler was diagnosed with Renal Failure and Kidney Disease.

13.     Said medical conditions are disabilities within the meaning of the ADA and the PHRA in that Butler is substantially impaired in one or more major life activities.

14.     As a result of said disabilities, it is necessary for Butler to undergo regular dialysis treatment.

15.     During Butler's interview for employment with the Defendant, he clearly stated to Jamel Montgomery, Interviewer, that he suffered from Renal Failure and Kidney Disease and that should Defendant decide to hire him, he would need a reasonable accommodation for his disabilities, namely a work schedule that permitted him to attend dialysis treatment three times per week for four hour sessions.

16.     The said Montgomery agreed to provide Butler with the reasonable accommodation requested.

17.     Shortly after commencing employment with the Defendant, Butler's dialysis center changed his scheduled time for dialysis, thereby requiring a shift change at work.

18. At said time, Montgomery refused to continue to accommodate Butler's disability and insisted that Butler report to work during his scheduled dialysis treatments.

19. Subsequently, on or about July 17, 2002, Montgomery informed Butler that his position of employment with the Defendant was terminated because Butler had to regularly attend dialysis treatment.

20. Butler believes and avers that his position of employment with the Defendant was terminated solely as a result of his disabilities, Renal Failure and Kidney Disease.

## COUNT I
### (ADA - Failure to Accommodate and Disability Discrimination)
### Butler v. the Defendant

21. Butler hereby incorporates by reference paragraphs 1 through 20 inclusive contained in the foregoing Complaint as though fully set forth herein.

22. Butler believes and avers that he was denied reasonable accommodation and subjected to disability discrimination in the terms, conditions and privileges of his employment, resulting in the discriminatory termination of his employment, in violation of the ADA.

23. As a direct result of Defendant's willful and unlawful actions as aforesaid, in violation of the ADA, Butler has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and

front pay and interest due thereon.

## COUNT II
### (PHRA - Failure to Accommodate and Disability Discrimination)
### Butler v. the Defendant

24. Butler hereby incorporates by reference paragraphs 1 through 23 inclusive contained in the foregoing Complaint as though fully set forth herein.

25. Butler believes and avers that he was denied reasonable accommodation and subjected to disability discrimination in the terms, conditions and privileges of his employment, resulting in the discriminatory termination of his employment, in violation of the PHRA.

26. As a direct result of Defendant's willful and unlawful actions as aforesaid, in violation of the PHRA, Butler has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

27. Butler hereby incorporates by reference paragraphs 1 through 26 inclusive contained in the foregoing Complaint as though fully set forth herein.

**WHEREFORE**, Butler requests this Court to enter judgment in his favor and against Defendant and order that:

a. Defendant compensate Butler with a rate of pay and other benefits and

emoluments of employment to which he would have been entitled, had he not been subjected to unlawful discrimination;

  b. Defendant compensate Butler with an award of front pay, if appropriate;

  c. Defendant compensate Butler for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

  d. Defendant pay to Butler compensatory damages for future pecuniary losses, emotional distress, pain and suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

  e. Defendant pay to Butler punitive damages (under the ADA), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

  f. the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Butler demands trial by jury.

          SIDNEY L. GOLD & ASSOCIATES, P.C.

          S/Sidney L. Gold, Esquire-SG-1387
          SIDNEY L. GOLD, ESQUIRE
          I.D. NO: 21374
          TRACI M. GREENBERG, ESQUIRE
          I.D. NO: 86396
          KRYSTN E. MUNDY, ESQUIRE
          I.D. NO: 89152
          1835 Market Street - Suite 515
          Philadelphia, PA 19103
          (215) 569-1999
          **Attorneys for Plaintiff**